1
2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

3
4
5
6
7
8

RICHARD D. SAUER,                    )
                                     )
                   Plaintiff,        )        2:12-cv-01754-GMN-GWF
                                     )
vs                                   )
                                     )        **ORDER**
 D.W. NEVEN, et al.,                 )
                                     )
                   Defendants.       )
_____)

9

        Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted

10

a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma

11

pauperis. The financial information provided indicates to the Court that plaintiff is unable to pay the filing

12

fee at this time.  The Court has screened plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

13

**I.  Screening Pursuant to 28 U.S.C. § 1915A**

14

        Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress

15

from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).

16

In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous,

17

malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant

18

who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2).  *Pro se* pleadings, however, must be

19

liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988).  To state

20

a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by

21

the Constitution or laws of the United States was violated, and (2) that the alleged violation was

22

committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

23

        In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform

24

Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is

25

untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted,

26

or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

27

Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in

28

Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when

reviewing the adequacy of a complaint or an amended complaint.  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff.  *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient.  *Id.; see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."  *Id.*  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319, 327-28

1    (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

2    **II.  Screening of the Complaint**

3          Plaintiff alleges that he has been housed in "solitary confinement" [sic] disciplinary segregation for

4    a period of at least four months while awaiting transfer to another institution.  He asserts that he is

5    classified for administrative segregation, and is housed improperly.  Plaintiff argues that the disciplinary

6    segregation housing situation denies him the opportunity to earn good time or work credits, that he has sent

7    requests and grievances regarding the situation, but "due to overcrowding" in the prison, he has not been

8    moved.  Plaintiff names D.W. Neven and caseworker Miss Nash as defendants in their official capacity.

9          To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

10   conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S.

11   337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials must provide

12   prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  *Id.*; *Toussaint v.*

13   *McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982).

14   Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may

15   be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." *Frost*

16   *v. Agnos*, 152 F.3d 1124, (9th Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  The

17   deliberate  indifference  standard  involves  an  objective  and  a  subjective  prong.   First,  the  alleged

18   deprivation must be, in objective terms, "sufficiently serious."  *Farmer v. Brennan*, 511 U.S. at 834

19   (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know of and

20   disregard an excessive risk to inmate health or safety." *Id*. at 837.  Thus, "a prison official may be held

21   liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that

22   inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to

23   abate it." *Farmer v. Brennan*, 511 U.S. at 835.  Prison officials may avoid liability by presenting

24   evidence that they lacked  knowledge of the risk, or by presenting evidence of a reasonable, albeit

25   unsuccessful, response to the risk. *Id*. at 844-45.  Mere negligence on the part of the prison official is not

26   sufficient to establish liability, but rather, the official's conduct must have been wanton.  *Farmer v.*

27   *Brennan*, 511 U.S. at 835; *Frost v. Agnose*, 152 F.3d at 1128; *see also Daniels v. Williams*, 474 U.S. 327,

28   33 (1986).

1    The injury that plaintiff alleges is a loss of opportunity to earn good time and programing credits,

2    rather than any physical injury or discomfort arising from the actual conditions of his confinement.  Thus,

3    plaintiff has not stated an Eighth Amendment claim in the facts alleged.  However, construing his pro se

4    pleading liberally,   *Balistreri,* 901 F.2d. at 699. it appears plaintiff may be attempting to state a claim

5    related to a "right" or liberty interest in earning good time credits.

6    A prisoner has no liberty interest in their classification status or in their eligibility for

7    rehabilitative programs. *See Moody v. Daggett,* 429 U.S. 78, 88 n.9 (1976); *Myron v. Terhune,* 476 F.3d

8    716, 718 (9th Cir. 2007).  Neither do they have any liberty interest in obtaining or avoiding a transfer to

9    another institution.  *See Olim v. Wakinekona,* 461 U.S. 238, 245 (1983); *Meachum v. Fano,* 427 U&.S.

10   215, 225-27 (1976); *United States v. Brown,* 59 F.3d 102, 105 (9th Cir. 1995) (per curiam).  Thus, they

11   have no right to be housed in a unit which permits them to program or earn good time credits while

12   awaiting a transfer.  Plaintiff's complaint fails to state a claim for relief.

13   **III.     Conclusion**

14   Plaintiff has no constitutional right to a housing classification which affords him an opportunity

15   to earn good time credits.  This complaint must be dismissed for failure to state a claim for relief.

16   **IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis* (ECF

17   No. 5) is **GRANTED.**  Plaintiff shall not be required to pay an initial partial filing fee.  However, even

18   if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

19   **IT IS FURTHER ORDERED** that the plaintiff is permitted to maintain this action to conclusion

20   without the necessity of prepayment of any additional fees or costs or the giving of security therefor.  This

21   Order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

22   **IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department

23   of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the

24   preceding month's deposits to plaintiff's account (inmate #1074595), in the months that the account

25   exceeds $10.00, until the full $350 filing fee has been paid for this action.  The Clerk of the Court shall

26   send a copy of this Order to the Finance Division of the Clerk's Office.  The Clerk shall also send a copy

27   of this Order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections,

28   P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that the Clerk shall **FILE** the complaint (ECF No. 1-1) which is **DISMISSED WITH PREJUDICE.  This dismissal shall count as a strike under 28 U.S.C. § 1915(g).**

The Clerk shall enter judgment accordingly.

Dated this 8th day of January, 2013.

_____
Gloria M. Navarro
United States District Judge